IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY FRAZIER, | ) | |
| Petitioner, | ) | Civil Action No. 18-247 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| MARK K. WILLIAMS, | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Pending before the Court is a motion (ECF No. 13) filed by federal prisoner Leroy Frazier ("Petitioner"), which this Court has construed as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b). For the reasons set forth below, the motion is denied.

## I.

**A.    Relevant Background**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution McKean ("FCI McKean"), which is located within the territorial boundaries of this Court. He is serving a 72-month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania on a conviction of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On July 25, 2018, he filed a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. He named as Respondent the warden of FCI McKean, and sought an order directing the Respondent to immediately release him.

Petitioner was one of numerous inmates from FCI McKean who filed the same or similar petition for a writ of habeas corpus with the Supreme Court of Pennsylvania. As this Court explained in an earlier Memorandum (ECF No. 11), a state court cannot consider a petition for a writ of habeas corpus

1

filed by a federal prisoner. 17A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4213 (3d ed.), Westlaw (databased updated Nov. 2018) ("it is now…clear that a state court cannot grant habeas corpus for the discharge of a person held in federal custody….[I]n 1872,…it was finally established that the state courts have no authority whatever to challenge, by habeas corpus, the legality of federal executive or judicial action holding a person in custody.") (citing Tarble's Case, 13 Wall. 397, 20 L.Ed. 597 (1872); Ableman v. Booth, 21 How. 506, 16 L.Ed. 169 (1859)).

Respondent timely removed this action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. On March 25, 2019, this Court issued a final order dismissing the case because Petitioner could not pursue his claims under 28 U.S.C. § 2241. Petitioner subsequently filed a motion, which this Court has construed as a motion for reconsideration under Rule 59(e) or 60(b).[1] He makes the confounding argument that he did not file a "petition for a writ of habeas corpus" with the Supreme Court of Pennsylvania, but instead filed a "writ of habeas corpus," which he claims that court could have addressed.

## II.

"[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal" in recognition of "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." Blystone v. Horn, 664 F.3d 397, 414 (3d Cir. 2011). The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The United States Court of Appeals for the Third Circuit explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d

---

[1] "Although motions for reconsideration under" these two Rules "serve similar functions, each has a particular purpose." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).

2

> Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted).

Id. at 415-16 (first bracketed text added by the court of appeals, emphasis omitted).

"[A] Rule 60(b) motion may not be used as a substitute for an appeal, and…legal error, without more does not warrant relief under that provision[.]" Fiorelli, 337 F.3d at 288 (internal quotation and citation omitted). As with Rule 59(e), the standard for obtaining relief under Rule 60(b) is difficult for a party to meet. It allows a party to seek relief from a final judgment under the following limited set of circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. A movant seeking relief under Rule 60(b)(6) must "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotations and citations omitted). "Such circumstances will rarely occur in the habeas context." Id.

3

None of the grounds permitting reconsideration under either Rule 59(e) or 60(b) apply here. Accordingly, the Court denies Petitioner's motion (ECF No. 13) and, to the extent that a certificate of appealability is required, the Court denies that as well.

An appropriate order follows.

Dated: May 29, 2019

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge